

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRITTSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CERES, et al.,<br><br>        Defendants. | CIV F 04-5368 REC  DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Deadlines:<br>    Initial Disclosures: July 1, 2004<br>    Non Expert: March 1, 2005<br>    Expert: March 15, 2005<br><br>Discovery Status Conference:<br>    December 1, 2004<br><br>Non-Dispositive Motion Deadlines:<br>    Filing: March 18, 2005<br>    Hearing: April 8, 2005<br><br>Dispositive Motion Deadlines:<br>    Filing: January 14, 2005<br>    Hearing: February 14, 2005<br><br>Settlement Conference:<br>    November 16, 2004 at 10:00 a.m.<br><br>Pre-Trial Conference:<br>    April 29, 2005 at 1:30 p.m.<br>    Courtroom 5<br><br>Trial:  June 14, 2005 at 9:00 a.m.<br>    Courtroom 1<br>    JT  9 to 10 days |

I.   **Date of Scheduling Conference**

June 15, 2004.

II.  **Appearances of Counsel**

Robert P. Fores appeared on behalf of Plaintiff.

Kenneth R. Hedberg appeared on behalf of Defendants.

III. **The Pleadings**

A.   Summary of the Pleadings

Plaintiff DANIEL BRITTSON is, and at all times herein mentioned was, an individual residing in the City of Ceres, County of Stanislaus, State of California.

Defendant CITY OF CERES is a municipal corporation and a political subdivision of the State of California. The CITY OF CERES includes the Ceres Department of Public Safety, Police Division. Defendants DARREN VENN, KEITH GRIEBEL, TRENTON JOHNSON AND JAMES ROBBINS were at all times herein mentioned paid full-time sworn Police Officers of the CITY OF CERES.

BRITTSON makes claims against defendants for violation of the Fourth and Fourteenth Amendments to the United States Constitution, violation of 42 United States Code section 1983, assault, battery, false arrest and imprisonment, negligence, violation of Article 1, Sections 7(A) and 13 of the California Constitution and violation of the Americans with Disabilities Act arising out of an incident on March 4, 2003, in the driveway of Mr. Brittson's home, located at 3425 Puma Way in Ceres. BRITTSON seeks special and general damages, attorneys' fees and costs against all defendants, and punitive damages against the individual defendants.

Defendants contend that they had probable cause to believe that BRITTSON had committed a public offense in the presence of a police officer, that BRITTSON improperly resisted arrest, and that defendants employed reasonable force in light of BRITTSON's alleged resistance.

2

B.   Orders Re Amendment of Pleadings.

No amendments are proposed at this time.

**IV.   Factual Summary**

A.   Admitted Facts which are deemed proven without further proceedings:

1. On or about March 4, 2003, Officers Darren Venn, Keith Griebel, Trenton Johnson, and Sergeant James Robbins were sworn police officers employed by the City of Ceres.

2. On or about March 4, 2003, Officers Darren Venn, Keith Griebel, Trenton Johnson, and Sergeant James Robbins were working within the course and scope of their employment as police officers for the City of Ceres.

3. On or about March 4, 2003, Officers Darren Venn, Keith Griebel, Trenton Johnson, and Sergeant James Robbins participated in the detention of plaintiff Daniel Brittson at the driveway of the residence located at 3425 Puma Way, Ceres, in response to a report by plaintiff's wife, Cindy Brittson, that Daniel Brittson was suicidal and armed with a knife.

4. During the detention of Brittson on March 4, 2003, a taser device was used to take Brittson into custody, during which the device was activated twice.

B.   Contested Facts:

1. Whether BRITTSON'S constitutional rights were violated.

2. Whether the defendants' conduct amounts to an assault and/or battery, negligence, false arrest and false imprisonment, and violation of the Americans with Disabilities Act.

3. The nature and extent of BRITTSON'S injuries and damages.

3

4. Whether the defendant officers were negligently hired, properly trained and supervised.

5. Whether the defendant officers had probable cause to believe that a public offense had been committed in their presence.

6. Whether the defendant officers employed reasonable force to arrest BRITTSON.

C. **Legal Issues**

   D. Uncontested:

      1. Jurisdiction

      2. Venue

   E. Contested:

      1. All remaining material legal issues are contested.

V. **Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by F.R.Civ.P. 26(a)(1) on or before July 1, 2004.

The parties are ordered to complete all discovery pertaining to non-experts on or before March 1, 2005 and all discovery pertaining to experts on or before March 15, 2005.

The parties are directed to disclose all expert witnesses, in writing, on or before January 17, 2005 . The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition

4

of sanctions, which may include striking the expert designation and preclusion of expert testimony.

A Status Conference Re: Discovery and Scheduling shall be held on December 1, 2004 in Courtroom 5 before the undersigned, counsel and parties appearing pro se may appear by telephone upon three (3) day notice. No later then five days prior to the Status Conference the parties shall submit a written Status Report containing the following:

A. A description of the discovery which has been completed to date, the discovery which is pending or scheduled, and the additional discovery which each party expects to conduct prior to the Discovery Deadline.

B. Whether any party proposes any changes in the currently scheduled deadlines or dates.

### VI.   Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than March 18, 2005 and heard on or before April 8, 2005. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 5. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than January 14, 2005 and heard no later than February 14, 2005, in Courtroom 1 before the Honorable Robert E. Coyle, Senior United States District Court Judge. In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

VII.   **Pre-Trial Conference Date**

April 29, 2005 at 1:30 p.m. in Courtroom 5 before Magistrate Judge Beck.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit an additional copy of their pretrial statement on a 3.5" computer disc formatted for Word Perfect 11[1], directly to Judge Beck's chambers. The computer disc will not be returned unless the parties so request and a self addressed stamped mailing container or envelope is provided.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

VIII.   **Trial Date**

June 14, 2005 at 9:00 a.m. in Courtroom 1 before the Honorable Robert E. Coyle, Senior United States District Court Judge.

    A.    This is a jury trial.

    B.    Counsels' Estimate of Trial Time: 9 to 10 days.

    C.    Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

IX.   **Settlement Conference**

---

[1] If WordPerfect 11 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

6

A Settlement Conference is scheduled for November 16, 2004 at 10:00 a.m. in Courtroom 5 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

## CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, <u>directly to the Magistrate Judges chambers</u>, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

7

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

## X.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not applicable at this time.

## XI.  Related Matters Pending

There are no pending related matters.

## XII.  Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

## XIII.  Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

DATED: 6/25/04

_____

DENNIS L. BECK

UNITED STATES MAGISTRATE JUDGE

```
            United States District Court
                       for the
            Eastern District of California
                    June 29, 2004


              * * CERTIFICATE OF SERVICE * *

                              1:04-cv-05368


    Brittson

       v.

    City of Ceres

    _____


I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  June 29, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

                                      REC DLB

       Robert P Fores
       Law Office of Gianelli & Fores
       1014 16th Street
       Modesto, CA  95353

       Kenneth Ronald Hedberg
       Thayer Harvey Hodder and Gregerson
       P.O. Box 3465
       1100 14th Street
       Suite F
       Modesto, CA  95353




                                      Jack L. Wagner, Clerk

                                      BY:  _____
                                           Deputy Clerk
```